# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

HOLLAND M. JOHNSON                                      PLAINTIFF

V.                    NO. 4:18CV00821 JM-JTR

ANDREW SAUL,
**Commissioner of Social Security Administration**[1]        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I.   Introduction:

Plaintiff, Holland M. Johnson ("Johnson"), applied for disability benefits on August 22, 2016, alleging disability beginning on that date. (Tr. at 15). After

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 24). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. **The Commissioner's Decision:**

The ALJ found that Johnson had not engaged in substantial gainful activity since the alleged onset date of August 22, 2016. (Tr. at 17). At Step Two, the ALJ found that Johnson had the following severe impairments: hernias and anxiety disorder. *Id*.

After finding that Johnson's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Johnson had the residual functional capacity ("RFC") to perform the full range of work at the medium exertional level, except that: (1) she could perform work where interpersonal contact is incidental to the work performed; (2) work is limited to tasks that can be learned and performed by rote with few variables and little judgment; (3) Johnson requires simple, direct, and concrete supervision; and (4) she is limited to work that does not require reading ability beyond a grade school level. (Tr. at 19).

The ALJ found that Johnson had no past relevant work. At Step Five, the ALJ

relied upon the testimony of a Vocational Expert ("VE") to find that, based on Johnson's age, education, work experience and RFC, she could perform other jobs, such as conveyor feeder off bearer, hand packager, and kitchen helper. (Tr. at 24). Thus, the ALJ held that Johnson was not disabled. *Id*.

### III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in

the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Johnson's Arguments on Appeal

Johnson contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ: (1) failed to fully develop the record; (2) failed to conduct the required Psychiatric Review Technique for mental impairments; and (3) erred in his RFC determination. For the following reasons, the Court finds support for reversal.

Johnson had a ventral hernia which required surgical repair. (Tr. at 21, 400, 494, 516, 552, 557, 559). An ultrasound revealed fluid collection consistent with hematoma, seroma, or abscess. *Id.* Through 2017, Johnson reported pain that was not relieved by medication. *Id.*

The record in this case is devoid of any medical opinions assessing Johnson's RFC with respect to her hernia. Generally speaking, in these cases, at least one state-agency medical expert reviews the records and assesses the claimant's functional ability on a standard form. Here, instead, the first reviewer simply wrote "N/A" for physical impairments. (Tr. at 94). The next reviewer wrote that Johnson's hernias were "non-severe." (Tr. at 109). The next reviewer simply wrote that Johnson's

4

impairments did not meet the durational requirement for disability cases. (Tr. at 111). No state doctor filled out an RFC assessment, and there are no treating or examining doctor opinions about physical impairments.

The ALJ bears the primary responsibility for determining a claimant's residual functional capacity based on all relevant evidence, but residual functional capacity remains a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). Thus, "some medical evidence 'must support the determination of the claimant's [residual functional capacity], and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace.'" *Id*. at 712 (*quoting Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001))(the only doctor who had opined that the claimant could work was a consulting physician who did not examine the claimant, did not view all the medical records, and did not provide an explanation for his conclusion). The ALJ "is therefore required to consider at least some supporting evidence from a [medical] professional." *Id*. (*quoting Lauer*, 245 F.3d at 704).

The only medical opinion in this case is the one-word statement by one state-agency doctor that hernia was non-severe. (Tr. at 109). But the ALJ did not even adhere to that one medical opinion. Rather, he rated Johnson's hernia as a severe impairment at Step Two. (Tr. at 17). Then, without any medical basis (no RFC

assessment by a doctor), he assigned an RFC for medium work. No doctor had opined that Johnson could perform medium work. An ALJ is forbidden from "playing doctor," or making his own independent medical findings with no support from the record. *See Pate-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003)(adequate medical evidence must exist that addresses the claimant's ability to function in the workplace).

Johnson's attorney recognized the lack of medical opinions addressing her RFC, so she requested that the ALJ send Johnson for a consultative examination. (Tr. at 279). That request was denied. The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ made his RFC determination on a record that was not fully developed, because it did not contain any opinions on RFC from a doctor; in that regard, the ALJ erred.

## III. <u>Conclusion:</u>

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to fully develop the record.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 6th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE